UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES of the SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION LOCAL UNION NO. 28 BENEFIT FUNDS and PLANS, individually named herein as SHEET METAL WORKERS LOCAL UNION NO. 28 VACATION FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 WELFARE FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 SUPPLEMENTAL UNEMPLOYMENT FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 ANNUITY FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 PENSION FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 JOINT LABOR MANAGEMENT FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 EDUCATIONAL FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 SCHOLARSHIP FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 ASSESSMENT FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 POLITICAL ACTION FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 BUILDING FUND and SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS LOCAL UNION NO. 28,<br><br>       Plaintiffs,<br><br> -against-<br><br>AIR WISE HEATING & COOLING, INC.,<br><br>       Defendant. | Civil Case No.:<br><br><br><br><br><br>**COMPLAINT** |

  Plaintiffs, TRUSTEES of the SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION LOCAL UNION NO. 28 BENEFIT FUNDS and PLANS, individually named herein as SHEET METAL WORKERS LOCAL UNION NO. 28 VACATION FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 WELFARE FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 SUPPLEMENTAL UNEMPLOYMENT FUND, SHEET METAL

1

WORKERS LOCAL UNION NO. 28 ANNUITY FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 PENSION FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 JOINT LABOR MANAGEMENT FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 EDUCATIONAL FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 SCHOLARSHIP FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 ASSESSMENT FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 POLITICAL ACTION FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 BUILDING FUND and SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS LOCAL UNION NO. 28 ("Plaintiffs" or the "Funds"), by their attorneys, COLLERAN, O'HARA & MILLS L.L.P., as and for their Complaint against Defendant AIR WISE HEATING & COOLING, INC. (Defendant"), jointly and severally, respectfully allege as follows:

## NATURE OF THE ACTION

1.   This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 et. seq. ("ERISA"), and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185 et. seq. ("LMRA") due to the Defendant's breach of the fringe benefit provisions of a collective bargaining agreement with AIR WISE HEATING & COOLING, INC. ("AIR WISE" or "DEFENDANT"), as employer, entered into with non-party Sheet Metal Workers' International Association Local No. 28, AFL-CIO ("Local 28").

## JURISDICTION AND VENUE

2.   Jurisdiction is conferred upon this Court by Section 301(a) of the LMRA, 29 U.S.C. §185(a), and Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§1132(a)(3) and 1145. The Court's jurisdiction is also derived from 28 U.S.C. §1367(a), which permits the Court to exercise

supplemental jurisdiction over state law claims that form a part of the same case and controversy as those over which it is original jurisdiction.

3. Venue properly lies in this district under Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), as this is the district in which the Funds are administered.

## PARTIES

4. At all times relevant herein, the Funds were and still are jointly administered, multi-employer, Taft-Hartley benefits funds administered by a Board of Trustees comprised of an equal number of labor and management representatives, established under 29 U.S.C. §186(c)(5) and administered pursuant to ERISA, 29 U.S.C. §1001, *et seq*. The Funds are administered and maintain offices for the conduct of business at 195 Mineola Boulevard, Mineola, New York 11501.

5. The Funds are employee benefit plans within the meaning of 29 U.S.C. §1002(3) and are maintained for the purpose of providing health, welfare, retirement and other benefits to eligible participants and beneficiaries of Local 28. Local 28 is a labor organization within the meaning of 29 U.S.C. §185(a). The Funds are maintained pursuant to one or more collective bargaining agreements between Local 28 and various employers, which requires such employers to contribute to the Funds. As such, the Pension Fund is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37).

6. The Trustees of Funds are fiduciaries within the meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §§1002(21) and 1132, and bring this action in their fiduciary capacity.

7. Upon information and belief, DEFENDANT, is and was, at all relevant times, a New York corporation registered to do business in New York with a principal place of business located 103-22 110th Street, Richmond Hill, New York 11419 in the County of Queens.

8. Upon information and belief, DEFENDANT is and was, at all relevant times, an Employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(a).

**FACTS**

9. At all relevant times herein, Local 28 and DEFENDANT have been parties to a collective bargaining agreement governing the wages, hours and working conditions of certain of Complete Spiral's employees (the "Agreement"). By executing the Agreement, DEFENDANT agreed to comply with and be bound by all of the provisions of the Agreement, the Funds' Collection Policy and the Trusts governing the Funds.

10. Upon information and belief, DEFENDANT is in possession of the Agreement.

11. The Agreement obligates DEFENDANT to make contributions to the Funds for and on behalf of all handler sheet metal workers performing worked covered by the Agreement at specified rates subject to certain limitations in the CBA and to submit monthly remittance reports (the "payroll contribution reports") in which DEFENDANT, *inter alia*, identifies the employees covered by the Agreement and the amount of contributions to the Funds remitted on behalf of each covered employee.

12. The payroll contribution reports are due on the fifteenth day of the month following the month in which the covered work was performed.

13. Pursuant to the terms of the Agreement and Trusts governing the Funds, failure to make required contributions or to make timely contributions to the Funds constitutes a violation of the Agreement and the Trusts governing the Funds. If DEFENDANT is found to have violated the Agreement by failing to make required contributions to the Funds, the Funds shall be awarded the delinquent contributions, interest on the delinquent contributions at the prime rate plus two

percent (prime + 2%) per annum, liquidated damages of twenty percent (20%) of the delinquent amount, reasonable attorneys' fees and costs of the action and such other legal or equitable relief as the court deems appropriate under Section 502 of ERISA.

14. Pursuant to the terms of the Agreement, the Funds have the right to audit DEFENDANT's records to ensure the accuracy of the reports and contributions. Such audits are conducted on a periodic basis.

15. For the audit period from June 26, 2015 through December 2015, DEFENDANT failed to make required fringe benefit contributions in the amount of $9,137.73.

16. As a result of this delinquency, DEFENDANT is liable for accrued interest in the minimum amount of $3,043.21 and liquated damages in the minimum amount of $1,827.55.

17. In addition, DEFENDANT has failed to provide records requested in order to complete an audit for the period from January 1, 2016 to date.

**AS AND FOR A FIRST CAUSE OF ACTION**

18. The Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "17" of this Complaint with the same force and effect as if set forth at length herein.

19. DEFENDANT was and remains obligated under the Agreement to make fringe benefit contributions on behalf of its employees to the Funds for the period of time of June 26, 2015 through December 2015.

20. DEFENDANT was also obligated under the subject Agreement to submit payroll contribution reports describing hours worked by employees performing covered work and the amounts which have accrued for fringe benefit contributions in connection therewith for the period of June 26, 2015 through December 2015.

21.     DEFENDANT owes contributions to the Funds in the estimated amount of $9,137.73 for the period of June 26, 2015 through December 2015, based on previous reports submitted to the Funds by DEFENDANT, plus interest, liquidated damages and related costs.

22.     DEFENDANT's failure to submit timely and accurate payroll contribution reports concerning hours worked and to make required contributions to the Funds violates section 301 of the LMRA, 29 U.S.C. §185, and section 515 (as amended) of ERISA, 29 U.S.C. §1145.

23.     Pursuant to section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), as well as the terms of the Funds' Trust Agreements, DEFENDANT is liable to the Funds for unpaid contribution, as well as interest and liquidated damages on the unpaid contributions, reasonable attorneys' fees and costs, and such other legal and equitable relief as the court deems appropriate.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Audit Demand)

24.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "23" of this Complaint with the same force and effect as though the same were set forth at length herein.

25.     Section 515 of ERISA, 29 U.S.C. §1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collective bargaining agreement…[t]o make such contributions in accordance with the terms and conditions of such plan or such agreement."

26.     Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), mandates that "[i]n any action brought by a fiduciary on behalf of a Plain to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan –

(a) the unpaid contributions;

(b) interest on the unpaid contributions;

6

    (c) an amount equal to the greater of –

        (i)    interest on the unpaid contributions, or

        (ii)    liquidated damages…in an amount not in excess of 20 percent of the [unpaid contributions],

    (d) reasonable attorney's fees and costs of the action, to be paid by the defendant; and

    (e) such other legal or equitable relief as the court deems appropriate…"

21.    DEFENDANT, by virtue of its failure to submit the records required to determine whether the defendant has made the contributions it is obligated to make pursuant to the collective bargaining agreements, has violated Section 515 of ERISA, 29 U.S.C. §1145.

22.    Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless defendant is ordered specifically to perform all obligations on its part required to be performed under the collective bargaining agreements.

23.    DEFENDANT, by virtue of its failure to submit to an audit, is subject to an injunction ordering it to immediately submit its books and records for an audit covering the period of January 1, 2016 to date and requiring it to pay any contributions due according to the audit, interest, liquidated damages, audit fees, attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request that the Court enter an Order and Judgment:

1.      Ordering DEFENDANT to pay $9,137.73 representing benefit fund contributions for the period June 26, 2015 to December 2015, plus interest, liquidated damages, attorney's fees, court costs and disbursements;

2.      Ordering DEFENDANT to submit to an audit of its payroll books and records for the period of March 1, 2014 to date;

3.      Ordering DEFENDANT to pay any (i) delinquencies identified by the audit and (ii) interest on the unpaid contributions; (iii) an amount equal to greater of (a) interest on the unpaid contributions or (b) liquidated damages of 20 percent of the unpaid contributions, and (iv) the costs of the audit;

4.      Awarding Plaintiffs reasonable attorneys' fees and costs of this action; and

5.      Ordering such other legal and equitable relief as the Court deems proper.

Dated:  December 1, 2017
        Woodbury, New York

                                Respectfully submitted,

                                COLLERAN, O'HARA & MILLS L.L.P.

                        By:     ___/s/Thomas P. Keane_____
                                THOMAS P. KEANE
                                Attorneys for Plaintiffs
                                100 Crossways Park Drive West, Suite 200
                                Woodbury, New York 11797
                                (516) 248-5757

8